IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TARENCE WHITWORTH, #417588      * <br>            Plaintiff, <br>     v.                                               *   CIVIL ACTION NO. JKB-16-450 <br><br> NORTH BRANCH CORRECTIONAL       * <br>   INSTITUTION <br> CENTRAL LAUNDRY CORRECTIONAL    * <br>   FACILITY <br>            Defendants.              * | |

******

MEMORANDUM

On February 16, 2016, the court received a letter from Tarence Whitworth, an inmate housed at the North Branch Correctional Institution ("NBCI"). The correspondence was captioned as a "civil rights complaint under 42 U.S.C. 1983." ECF No. 1. Whitworth alleges that on January 14, 2016, he was transferred to NBCI from the Central Maryland Correctional Facility ("CMCF"), formerly the Central Laundry Facility, and when escorted to receive his property on February 1, 2016, he noticed that clothing and foot wear was missing. *Id*. He states that he was not present when his property was being packed up at CMCF and thus both CMCF and NBCI are responsible for reimbursing him for the loss. The court has construed Whitworth's letter as a 42 U.S.C. § 1983 complaint and shall summarily dismiss same.

To the extent that Whitworth is claiming that his personal property (socks, briefs, shirts, tennis shoes, and shorts) were lost or discarded, no claim has been stated. Sufficient due process is afforded an inmate if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor,* 451 U.S. 527, 542–44 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327

(1986).  The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.  *See Juncker v. Tinney,* 549 F. Supp. 574, 579 (D. Md. 1982).[1]  The Supreme Court extended its *Parratt* holding to intentional deprivations of property.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Therefore assuming Whitworth's personal property was lost or thrown away as he alleges, such a claim does not rise to a constitutional violation.  A separate order follows dismissing the case.[2]

Date:  February 18, 2016                              _____/s/_____
                                                                              James K. Bredar
                                                                              United States District Judge

---

[1]     Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker'*s reliance on *Parratt* in dismissing the plaintiff's due process claim.

[2]     Whitworth is advised that while there is no federal forum to seek redress for his property loss, he may avail himself of state remedies by filing a claim in the state district court after he fully exhausts the administrative remedy procedure ("ARP") grievance process.